[759 NYS2d 399]

In the Matter of RAY E. SHAIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 19, 2003

**APPEARANCES OF COUNSEL**

*Robert P. Guido,* Syosset (*Mary J. Lieblang* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On October 18, 2002, the respondent entered a plea of guilty in the Supreme Court, Queens County, before the Honorable John Latella, to falsifying business records in the first degree, a class E felony, in violation of Penal Law § 175.10; scheme to

defraud in the first degree, a class E felony, in violation of Penal Law § 190.65; and giving unlawful gratuities, a class A misdemeanor, in violation of Penal Law § 200.30. On December 4, 2002, he was sentenced to a three-year conditional discharge for the felonies and a one-year conditional discharge for the misdemeanor.

Pursuant to Judiciary Law § 90 (4) (a), the respondent ceased to be an attorney upon his conviction of the New York State felonies. By virtue of his felony convictions, he was automatically disbarred. Accordingly, the petitioner's motion to strike his name from the roll of attorneys and counselors-at-law is granted, effective immediately, without opposition.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ray E. Shain, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Ray E. Shain is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.